# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ANDREW WALSH, | Case No. 20-cv-1457 |
| Plaintiff, | |
| v. | |
| BORDER FOODS, INC. D/B/A TACO BELL, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

---

Plaintiff, ANDREW WALSH, by and through his undersigned counsel, EISENBERG & BAUM, LLP, and MINENKO LAW, LLC, for his Complaint against Defendant, BORDER FOODS, INC. D/B/A TACO BELL, hereby alleges as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff ANDREW WALSH is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication. Defendant owns, operates, and/or leases a Taco Bell restaurant located at 14175 Edgewood Dr., Baxter, MN 56425. On three occasions, Plaintiff attempted to order food at Defendant's restaurant. On each occasion, Plaintiff was refused service and treated rudely by employees because of his disability. Through this discriminatory treatment, Plaintiff learned not only that Taco Bell restaurants are

1

inaccessible to deaf individuals, but that Taco Bell employees and managers are inadequately trained and improperly informed about the communication rights and needs of deaf people.

2.  Plaintiff brings this action to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's restaurant services. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A et seq.; and other state and common law causes of action.

## THE PARTIES

3.  Plaintiff ANDREW WALSH brings this action and is an individual residing in Brainerd, Minnesota. ANDREW WALSH is a profoundly deaf individual who primarily communicates in American Sign Language, and he is substantially limited in the major life activities of hearing and speaking within the meaning of federal and state anti-discrimination laws.

4.  Defendant, BORDER FOODS, INC. D/B/A TACO BELL, owns, operates and/or leases a Taco Bell restaurant located in Baxter, Minnesota. Defendant's restaurant is a public accommodation under federal and state antidiscrimination laws and is subject to the requirements thereof.

## JURISDICTION & VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant has sufficient contacts with this District to subject them to personal jurisdiction at the time this action is commenced, and the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

7. Upon information and belief, Defendant owns, operates and/or leases a Taco Bell restaurant located at 14175 Edgewood Dr., Baxter, MN 56425.

8. Plaintiff is a profoundly deaf individual whose first and primary language is American Sign Language, in which he communicates fluently.

9. Defendant's drive-thru service is provided via specialized automobile driveway lanes which stretch around Defendant's restaurant. In order to obtain drive-thru service, Defendant's customers maneuver their automobiles into the drive-thru lane and then relay their food order to Defendant's employees via microphone. Customers then drive their cars further along the lane and retrieve their food from windows on the side of Defendant's restaurant.

### August 6, 2019

10. On Aug 6, 2019, at approximately 6:40 PM, Plaintiff was working as a food deliveryman and attempted to utilize Defendant's drive-thru to fulfill a delivery order.

11. Because Defendant's drive-thru ordering system requires a customer to

utilize hearing and speaking through a microphone, Plaintiff drove to the drive-thru window and attempted to place his order from an employee at the window.

12. Upon information and belief, the employee's name is "DAKOTA".

13. Plaintiff informed the employee that Plaintiff was deaf, could not hear, and handed the employee the delivery order ticket.

14. Rather than accommodate Plaintiff's disability and allow Plaintiff to place his drive-thru order at the window, Defendant refused to serve Plaintiff.

15. The employee wrote notes to Plaintiff which stated that Plaintiff had to order inside of the restaurant and that Defendant wanted to prevent its drive-thru service time from increasing.

16. Plaintiff parked his car and entered Defendant's restaurant to place and receive the delivery order.

17. Plaintiff left Defendant's restaurant feeling confused, frustrated, and humiliated.

18. At approximately 8:12 PM, Plaintiff received another delivery order for Defendant's restaurant.

19. Deterred from using the drive-thu lane, Plaintiff parked his car and entered Defendant's restaurant to place and receive the delivery order.

20. While inside of Defendant's restaurant, Plaintiff wrote a note to the above-mentioned employee which stated, "Question, why can't I use drive-thru?" To which the employee wrote back, "I was told if you were unable to order at the screen, we can't do an order at the window."

21. Plaintiff received his order and again left Defendant's restaurant feeling confused and frustrated.

**September 7, 2019**

22. On September 7, 2019, Plaintiff again attempted to utilize the drive-thru of Defendant's Taco Bell restaurant.

23. Plaintiff was accompanied by Plaintiff's partner, Jessica Kirby.

24. Plaintiff drove to the drive-thru window and attempted to place his order from an employee at the window.

25. Upon information and belief, the employee's name is "NATHAN".

26. Plaintiff informed the employee at the drive-thru window that Plaintiff was deaf, could not hear, and wrote his order on a piece of paper, which he handed to the employee.

27. Rather than accommodate Plaintiff's disability and allow him to place his drive-thru order at the window, Defendant refused to serve Plaintiff.

28. The employee at the window wrote notes to Plaintiff which stated that Defendant could not take orders at the window due to company policy, thus orders could only be taken at the speaker or inside of Defendant's restaurant.

29. Defendant then called the police to have Plaintiff removed from its drive-thru.

30. A police officer arrived and walked with Plaintiff inside, where Plaintiff, only by means of a police escort, was able to order from Defendant.

31. Defendant's refusal to serve Plaintiff in the same manner in which it served

hearing individuals and the Defendant's decision to notify law enforcement, left Plaintiff humiliated, frustrated, and confused.

32. Based on all of the above-described incidents, Defendant refuses to serve deaf individuals in the same manner in which they serve hearing (i.e., non-deaf) individuals.

33. Defendant's drive-thru ordering system, which requires a customer to utilize hearing and speaking, is inaccessible to deaf individuals. Defendant offers no accessible or alternative means for deaf individuals, including Plaintiff, to utilize the drive-thru in a manner equal to the service offered to hearing (i.e., non-deaf) individuals.

34. Defendant's conduct caused Plaintiff to be denied the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and/or accommodations.

35. Defendant's discriminatory conduct caused Plaintiff to suffer emotional distress, including humiliation and frustration.

36. Defendant's Taco Bell is in close vicinity to Plaintiff's home and Plaintiff wishes to be able to attend Defendant's Taco Bell.

37. Plaintiff therefore continues to be harmed by Defendant's conduct.

### CLAIM 1: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

38. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

39. At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181,

et seq., has been in full force and effect and has applied to Defendant's conduct.

40. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and have applied to Defendant's conduct.

41. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

42. Defendant owns, leases, and/or operates a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(D).

43. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

44. Title III of the ADA further provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

45. Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is

7

excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

46. Title III of the ADA further defines discrimination to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable," or "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv–v).

47. Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

48. Defendant discriminated against Plaintiff on the basis of disability, in violation of Title III of the ADA and its implementing regulations, as set forth above.

49. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

### CLAIM 2: VIOLATIONS OF THE MINNESOTA HUMAN RIGHTS ACT (PUBLIC ACCOMODATIONS)

50. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

51. Minn. Stat. §363A.11 states "It is an unfair discriminatory practice:(1) to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of race, color, creed, religion, disability, national origin, marital status, sexual orientation, or sex, or for a taxicab company to discriminate in the access to, full utilization of, or benefit from service because of a person's disability."

52. Plaintiff is a person with a "disability" within the meaning of Minn. Stat. § 363A.03, subd. 12.

53. Defendant is an entity covered by the MHRA. Minn. Stat. § 363A.03, subd. 34.

54. Defendant violated the MHRA by discriminating against Plaintiff.

55. Defendant denied Plaintiff the opportunity to benefit from its services, privileges, advantages, and accommodations that were equal to that afforded to other individuals who are not deaf in violation of the MHRA. Minn. Stat. § 363A.11, *et seq*.

56. Defendant has failed to implement policies, procedures, and training of staff necessary to ensure compliance with the MHRA.

57. As a result of Defendant's discriminatory actions, Plaintiff suffered the injuries described in this Complaint.

58. Plaintiff is therefore entitled to injunctive relief; attorneys' fees, costs, and disbursements; and money damages for the injuries and loss they sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged, pursuant to the MHRA. Minn. Stat. §§ 363A.33 *et seq*. and 363A.29, subd. 4.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant has subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act and the MHRA;

b. Issue an injunction forbidding Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendant's facilities, services, or programs;

c. Order Defendant:

  i. to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

  ii. to develop, implement, promulgate, and comply with a policy to ensure that Defendant will consider the communication needs of deaf individuals who seek Defendant's goods and/or services and will affirmatively work with deaf individuals to provide effective auxiliary aids and services to make their services accessible;

  iii. to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA and the MHRA;

d. Award to Plaintiff:

      i.      Compensatory damages pursuant to the MHRA;

      ii.     Punitive damages pursuant to the MHRA;

      iii.    Reasonable costs and attorneys' fees pursuant to the ADA and MHRA;

      iv.    Interest on all amounts at the highest rates and from the earliest dates allowed by law;

      v.     Any and all other relief that this Court finds necessary and appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

Dated: June 25, 2020

| MINENKO LAW, LLC | EISENBERG & BAUM, LLP |
|---|---|
| By: s/ Michael J. Minenko | By: s/ Andrew Rozynski |
| Michael J. Minenko #129872 | Andrew Rozynski *(pro hac vice pending)* |
| 2051 Killebrew Drive, Suite 611 | 24 Union Square East, Fourth Floor |
| Bloomington, MN 55425 | New York, NY 10003 |
| Telephone: (952) 854-1294 | Telephone: (212) 353-1708 |
| Facsimile: (952) 851-9510 | Facsimile: (212) 353-1708 |
| mike@minenkolaw.com | arozynski@eandblaw.com |

*Attorneys for Plaintiff Andrew Walsh*